UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAN MORIN,<br><br>        Plaintiff,<br><br>    v.<br><br>HURLIMAN BOAT REPAIR, et al.,<br><br>        Defendants. | No. 2:13-cv-0136 DAD<br><br><br><u>ORDER AND</u><br><br><u>ORDER TO SHOW CAUSE</u> |

        A settlement conference was held before the undersigned on August 16, 2013. Neither plaintiff, nor plaintiff's counsel, Russell Humphrey, Esq., appeared. Instead, Daniel Malakauskas "specially appeared" for plaintiff. Conor McElroy appeared for defendants. Upon review of the docket and discussion with counsel, THE COURT FINDS AS FOLLOWS:

        This action was set for a scheduling conference before Judge Drozd on June 28, 2013.[1] Plaintiff's counsel failed to appear at the hearing. ECF No. 19. The matter was thereafter, pursuant to the parties' request, set for a settlement conference before the undersigned. In the order setting the hearing date, counsel were instructed to have a principal with full settlement authority present at the settlement conference or to be fully authorized to settle the matter on any

/////

---

[1] The status conference was continued from the originally set date of June 7, 2013 because of plaintiff's failure to file a status report.

1

1  terms. ECF No. 21. The parties were also directed to file confidential settlement conference
2  statements no later than seven days prior to the conference.
3       Plaintiff's counsel belatedly filed a settlement conference statement, and only did so after
4  prompting by the Courtroom Deputy for the undersigned. ECF No. 23. On the day of the
5  conference, in contravention of the court's order, neither plaintiff nor plaintiff's counsel appeared.
6  Although Daniel Malakauskas "specially appeared" for plaintiff,[2] there is no provision in the
7  Local Rules for such an appearance. See E.D. Cal. Local Rule 182.[3] The court confirmed on the
8  record that counselor Malakauskas had authority to settle the case within a certain range but did
9  not have full authority to settle the matter on any terms.
10      The failure of plaintiff's counsel to appear at the settlement conference has caused
11 unwarranted expenses for defendants. The failure to appear also reflects a distressingly consistent
12 disregard of the court's processes and orders. Counsel has twice had to have court intervention to
13 file required reports and has yet to make an appearance at any of the court ordered hearings.
14 Given the conduct of plaintiff's counsel, it appears that plaintiff may have abandoned this
15 litigation.
16      Accordingly, IT IS HEREBY ORDERED that:
17      1. No later than August 23, 2013, defendants shall submit a declaration setting forth the
18 expenses incurred in connection with attendance at the settlement conference, including, but not
19 limited to, attorney's fees for preparation and attendance at the settlement conference and travel
20 expenses.
21      2. No later than August 28, 2013, plaintiff shall show cause why this action should not be
22 dismissed for failure to comply with the court's orders. Plaintiff may also address the issue of

---

[2] Counsel stated on the record that counselor Humphrey had asked him in the evening of August 15, 2013 to appear at the settlement conference. Counsel also advised the court that counselor Humphrey was currently appearing in a criminal trial venued in the San Joaquin Superior Court and that he believed plaintiff was presently hospitalized at an unknown hospital.

[3] The Local Rules allow counsel to make an appearance by physically appearing at a court hearing in the matter, formally stating the appearance on the record, and then signing and filing a confirmation of appearance with seven days. E.D. Cal. Local Rule 182(a)(2)(iii). Whether counselor Malakauskas complies with this rule remains to be seen.

expenses in the response to the order to show cause.

3. Upon review of the filings, the court will determine whether a further settlement conference before the undersigned or a further status conference before Judge Drozd will be set. The matter will thereafter stand submitted.

4. The Clerk of Court is directed to serve a copy of this order on counsel Daniel Malakauskas at the registered ECF e-mail, daniel@malakauskas.com.

Dated:  August 19, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE