UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAN MORIN, | No. 2:13-cv-0136 DAD |
| Plaintiff, | |
| v. | ORDER |
| HURLIMAN BOAT REPAIR, et al., | |
| Defendants. | |

Each of the parties in the above-captioned case consented to proceed before the assigned magistrate judge. Accordingly, by order filed April 3, 2013, the action was reassigned to the undersigned.

On May 23, 2014, the case came before the court for hearing of defendants' motion to dismiss pursuant to Rule 37(c)(1)(C) and Rule 41(b) of the Federal Rules of Civil Procedure.[1] (Dkt. No. 42.) Attorney Ross Nott appeared on behalf of the defendants. Attorney Russell Humphrey appeared on behalf of the plaintiff, Van Morin, who was also present. Defendants argue that the court should dismiss this action due to plaintiff's failure to comply with the court's

---

[1] On January 21, 2014, and January 23, 2014, plaintiff, on his own accord and not acting through his attorney, filed a motion to delay a hearing and a motion to delay his own deposition. (Dkt. Nos. 35 & 36.) Those motions were untimely, were not noticed for hearing in violation of the Local Rules, and have remained uncorrected pending on the Court's docket. Moreover, those motions have been rendered moot by the passage of time as well as subsequent events. Accordingly, those motions will be denied as having been rendered moot.

1

1    orders, failure to comply with the Federal Rules and because plaintiff "misrepresented facts" to
2    the court and to opposing counsel.  (MTD (Dkt. No. 42-1) at 1.)
3            "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances."
4    Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Accordingly, in evaluating
5    defendants' motion the court must weigh several factors: "(1) the public's interest in expeditious
6    resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
7    defendants; (4) the public policy favoring disposition of cases on their merits and (5) the
8    availability of less drastic sanctions." Thompson v. Housing Authority of City of Los Angeles,
9    782 F.2d 829, 831-32 (9th Cir. 1986). See also Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir.
10   2002) (stating court must weigh same factors when "determining whether to dismiss a claim for
11   failure to prosecute or failure to comply with a court order").
12           Moreover, "[a] dismissal for lack of prosecution must be supported by a showing of
13   unreasonable delay."  Henderson, 779 F.2d at 1423 (citing Nealey v. Transportation Maritima
14   Mexicana, S.A., 662 F.2d 1275, 1280 (9th Cir. 1980)).  See also Mir v. Fosburg, 706 F.2d 916,
15   918 (9th Cir. 1983) ("The pertinent question, therefore, is whether there has been delay and
16   prejudice to the defendants sufficient to justify dismissal with prejudice.").  "Especially when a
17   case is still young, 'a district court must consider . . . less drastic alternative sanctions' before
18   dismissing." Raiford v. Pounds, 640 F.2d 944, 945 (9th Cir. 1981) (citing Tolbert v. Leighton,
19   623 F.2d 585, 587 (9th Cir. 1980)).
20           Upon consideration of the parties' arguments on file and at the hearing, the court finds
21   that the need to manage its docket, the risk of prejudice to the defendants, the public policy
22   favoring disposition of cases on their merits and the availability of less drastic sanctions all weigh
23   in favor of denying defendants' motion to dismiss and allowing this action to proceed.
24           In this regard, this matter has impacted the court's docket less than many cases and the
25   court does not anticipate that the matter will greatly impact the docket in the future.  Although
26   plaintiff's prosecution of this action has certainly been very far from perfect, there has been no
27   serious delay in the prosecution from the court's standpoint and there is no risk of prejudice to the
28   defendants in allowing the action to proceed.  Finally, public policy favors disposition of cases on

the merits and there are less drastic sanctions available to the court to account for plaintiff's less than perfect prosecution.

Only the public's interest in expeditious resolution of the litigation weighs in favor of granting defendants' motion to dismiss and this is only because "the public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). However, here the weight of this factor is ever so slight, because there has been essentially no delay or continuances of deadlines set by the court in this action, a rarity among cases before this court, and there is now less than three months until the commencement of trial. Moreover, as indicated on the record, the court does not intend to grant any extensions of time in light of the lack of time the parties themselves have apparently devoted to the case to date. Thus, even by proceeding to trial this matter will still reach a relatively expeditious resolution.

Accordingly, upon consideration of the parties' arguments on file and at the hearing, and for the reasons set forth above and on the record, IT IS HEREBY ORDERED that:

1. Defendants' April 10, 2014 motion to dismiss (Dkt. No. 42) is denied;

2. Plaintiff's January 21, 2014 motion to delay hearing (Dkt. No. 35) is denied as moot; and

3. Plaintiff's January 23, 2014 motion to delay taking deposition (Dkt. No. 36) is denied as moot.

Dated: May 23, 2014

*[signature]*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.consent\morin0136.mtd.oah.052314.docx